UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

K.C., individually and as guardian of minor child, K.R.C.,

Plaintiff,

v.

PENINSULA SCHOOL DISTRICT, et. al.,

Defendants.

CASE NO. No. 3:24-cv-05908-BHS

ORDER

THIS MATTER is before the Court on plaintiffs K.C. and K.R.C.'s motion for reconsideration, Dkt. 46, of the Court's Order, Dkt. 44, granting defendants Peninsula School District and Ross Filkins' (the "District") and defendant Cameron Miller's motions for summary judgment and dismissing the claims against them with prejudice.

K.R.C. correctly contends that the District moved for summary judgment on only his federal 42 U.S.C. § 1983 claims, not his state law claims. He argues that the Court erred by granting summary judgment on his state law claims without giving him notice and a reasonable time to respond. Dkt. 46 at 3. He argues that, had the District challenged his state law claims, he would have directly responded by addressing "Washington's school-custody duty, [his] ordinary and gross negligence theories, issues related to agency and the scope of Defendant Filkins' employment, and the evidence supporting each theory." *Id.* at 4.

K.R.C. also seeks reconsideration of the Court's ruling dismissing his state law claims against Miller, arguing that the Court improperly weighed conflicting evidence and placed undue emphasis on whether Miller was ejected from the game. *Id.* at 5. He argues that Genesa Boosz's testimony that Miller "grabbed him by the jersey and chest, lifted him, threw him down again, and struck him in the face and neck" creates a genuine issue of material fact on his assault, battery, and outrage claims. *Id.*

He asks the Court to reinstate K.R.C.'s state law claims against the District and Miller, as well as K.C.'s derivative claims. Alternatively, K.R.C. asks the Court to vacate its dismissal of the state law claims, decline to exercise supplemental jurisdiction, and dismiss the state law claims without prejudice so that they may be litigated in state court. *Id.* at 2 (citing 28 U.S.C. § 1367(c)).

The District concedes that it did not move for summary judgment on the state law claims but argues that it is improper for K.R.C. to raise "new arguments that could reasonably have been presented in the original proceedings" under Rule 59(e).

Miller responds that K.R.C.'s disagreement with the Court's conclusion that his hit fell within the inherent risks of football is not grounds for reconsideration.

The issues are addressed in turn.

## I. DISCUSSION

### A. Reconsideration standard

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "should not be granted,

absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). It should not be used to ask a court to rethink what the court has already thought through, whether rightly or wrongly. *See Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). Whether to grant reconsideration is committed to the sound discretion of the Court. *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

**B. State Law Claims against the District**

The Court's summary judgment order acknowledged that the District did not move for summary judgment on K.R.C.'s state law claims. Dkt. 44 at 33. The Court nevertheless dismissed those claims, concluding that they failed for the same reasons as K.R.C.'s federal claims. *Id.* Although Federal Rule of Civil Procedure 56(f) permits the Court to grant summary judgment on its own, it must first give the parties notice and a reasonable opportunity to respond. The Court did not provide that opportunity here.

The Court is not persuaded by the District's argument that K.R.C. should have presented his arguments earlier. This argument does not make sense in the unusual

procedural context of this case. K.R.C. had no reason to defend claims that the District had not challenged on summary judgment.

K.R.C.'s motion is **GRANTED** as to his state law claims against the District, and the Order dismissing K.R.C.'s state law claims against the District is **VACATED**.

**C. State Law Claims against Miller**

K.R.C. also argues that the Court clearly erred in dismissing his state law claims against Miller by weighing conflicting evidence and placing undue weight on the fact he was not ejected from the game. But K.R.C. raised these same arguments before, and the Court considered them. The Court specifically considered Boosz's testimony that, from her position in the end zone, she observed Miller grab K.R.C. by his jersey, throw him back to the ground, and hit him in the face. Dkt. 40 at 635. The Court also considered the testimony of the referee on the field (who was within a few feet of the incident looking directly at Miller's hit), multiple coaches, players, and experts who described the hit and its surrounding circumstances, none of whom supported Boosz's version of the facts. Although the Court must draw reasonable inferences in K.R.C.'s favor, those inferences must be supported by evidence of sufficient "quantum or quality." *Triton Energy Corp. v. Square D Co*., 68 F.3d 1216, 1221 (9th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). Even accepting Boosz's account, the Court concluded that the evidence was insufficient to create a genuine issue of material fact as to whether Miller's conduct exceeded the ordinary risks inherent in football to which

K.R.C. consented by participating in the game. K.R.C.'s disagreement with that conclusion does not establish a clear error.

K.R.C. also overstates the significance that the Court placed on Miller's lack of ejection. The Court did not treat and does not consider that fact as dispositive of K.R.C.'s claims. Rather, it considered that the referee did not eject Miller and that both experts agreed after reviewing the hit that it did not warrant ejection under NFHS rules. The Court considered this evidence, alongside other evidence in the record (video evidence and eyewitness testimony), in concluding that Miller's hit was within the inherent risks of football and was neither an intentional nor reckless assault. K.R.C. has not shown that the Court clearly erred in that conclusion.

K.R.C.'s motion as to the Court's ruling on Miller's state law claims is **DENIED**.

**D. Supplemental jurisdiction**

K.R.C. asks the Court to either reinstate K.R.C.'s state law claims against the District for trial here, or alternatively, to decline to exercise its supplemental jurisdiction and dismiss them without prejudice so that he can reassert them in state court.

The District responds that, if notice was required, the Court should allow limited supplemental briefing on the state law claims before determining whether summary judgment is warranted. Dkt. 48 at 6. It argues that judicial economy favors having this Court decide these issues because the Court is already familiar with the case, having reviewed and ruled on numerous motions.

A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In

deciding whether to retain jurisdiction over state law claims, courts must consider four factors: "comity, judicial economy, fairness, and convenience." *Said v. Orange Cnty. Dist. Att'ys Off.*, No. SACV1601227, 2016 WL 4467875, at *2 (C.D. Cal. Aug. 22, 2016) (citing *Sanford v. Memberworks*, 625 F.3d 550, 561 (9th Cir. 2010)). "When federal claims are dismissed before trial, these factors typically 'point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id*. (citing *Sanford*, 625 F.3d at 561).

The Court declines to retain supplemental jurisdiction over the remaining state law claims against the District. All federal claims have been dismissed, and the District will suffer no unfair prejudice from litigating in state court, where it may raise the same arguments and defenses.

K.R.C.'s motion for reconsideration on the District's state law claims is **GRANTED**, and the Court's prior Order, Dkt. 44, as to those claims, is **VACATED.** Supplemental jurisdiction is declined, and the state law claims are **DISMISSED** without prejudice.

K.R.C.'s motion for reconsideration on Miller's state law claims is **DENIED**.

Dated this 16th day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge